Nicholas J. Bontrager, Esq. (SBN 252114)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
T: (323) 988-2400; F: (866) 802-0021
nbontrager@consumerlawcenter.com
Attorneys for Plaintiff,
JOSEPH TILLER

## UNITED STATES DISTRICT COURT,
### EASTERN DISTRICT OF CALIFORNIA,
### SACRAMENTO DIVISION

| | |
|---|---|
| JOSEPH TILLER,<br><br>             Plaintiff,<br><br>     v.<br><br>VALENTINE & KEBARTAS, INC.,<br><br>          Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Case No.:**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(Unlawful Debt Collection Practices)** |

## <u>VERIFIED COMPLAINT</u>

JOSEPH TILLER ("Plaintiff"), by his attorneys, KROHN & MOSS, LTD., alleges the following against VALENTINE & KEBARTAS, INC., INC. ("Defendant"):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* ("FDCPA").

2. Count II of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788 et seq.* ("RFDCPA").

3. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, insurers, and attorneys.

- 1 -

**JURISDICTION AND VENUE**

4.  Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

5.  Defendant conducts business in the state of California, and therefore, personal jurisdiction is established.

6.  Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

7.  Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

**PARTIES**

8.  Plaintiff is a natural person residing in Sacramento, Sacramento County, California.

9.  Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)* and Defendant is attempting to collect a debt by communicating with Plaintiff as that term is defined by *15 U.S.C. 1692a(5)* and *Cal. Civ. Code § 1788.2(h)*.

10. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)* and *Cal. Civ. Code §1788.2(c)*, and sought to collect a consumer debt by contacting Plaintiff.

11. Defendant is a national company principally located in Lawrence, Massachusetts, and collecting a debt in California.

**FACTUAL ALLEGATIONS**

12. Defendant places collection calls to Plaintiff seeking and demanding payment for a debt, upon information and belief, owed to HSBC in Plaintiff's wife's name, Eva Tiller ("Eva").

13. Defendant placed calls Plaintiff's cellular telephone.

14. Defendant informed Plaintiff that it was a law firm.

15. Defendant stated it would take Plaintiff to court.

- 2 -

16. Defendant stated it would press criminal charges against Plaintiff and that Plaintiff would go to jail.

17. Defendant harassed Plaintiff by calling him a "deadbeat," a "loser" and stating that Plaintiff was to blame for the poor economy.

18. Defendant contacted Plaintiff's family members including Plaintiff's parents and Eva's parents.

19. Defendant failed to identify itself as a debt collector in subsequent communications with Plaintiff (see transcript of voicemails left by Defendant for Plaintiff as Exhibit A.)

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

20. Defendant violated the FDCPA based on the following:

   a. Defendant violated *§1692b* of the FDCPA by communicating with third parties for a purpose other than obtaining location information.

   b. Defendant violated *§1692c(b)* of the FDCPA by communicating with third parties.

   c. Defendant violated *§1692d* of the FDCPA by engaging in conduct of which the natural result is the abuse and harassment of the Plaintiff.

   d. Defendant violated *§1692d(2)* of the FDCPA by using language the natural consequence of which is to abuse Plaintiff.

   e. Defendant violated *§1692e* of the FDCPA by using false, deceptive and/or misleading representations and/or means in connection with the collection of a debt.

   f. Defendant violated *§1692e(3)* of the FDCPA by falsely representing that Defendant is a law firm.

   g. Defendant violated *§1692e(4)* of the FDCPA by threatening Plaintiff with imprisonment.

- 3 -

h.   Defendant violated *§1692e(5)* of the FDCPA by threatening Plaintiff with legal action that was not intended.

i.   Defendant violated *§1692e(7)* of the FDCPA by implying Plaintiff committed a crime.

j.   Defendant violated *§1692e(10)* of the FDCPA by using false representations and/or deceptive practices in an attempt to collect a debt.

k.   Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in subsequent communications that the calls were from a debt collector.

WHEREFORE, Plaintiff, JOSEPH TILLER, respectfully requests judgment be entered against Defendant, VALENTINE & KEBARTAS, INC., INC., for the following:

21. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

22. Statutory damages of $1000.00  pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

23. Actual damages,

24. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

25. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

26. Plaintiff repeats and realleges all of the allegations in Count I of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

27. Defendant violated the RFDCPA based on the following:

a.   Defendant violated *§1788.10(b)* of the RFDCPA by accusing Plaintiff of committing a crime.

PLAINTIFF'S COMPLAINT

b.   Defendant violated *§1788.10(e)* of the RFDCPA by threatening Plaintiff with imprisonment.

c.   Defendant violated *§1788.12(b)* of the RFDCPA by communicating with Plaintiff's family members.

d.   Defendant violated *§1788.13(b)* of the RFDCPA by representing the Defendant is a law firm.

e.   Defendant violated *§1788.13(j)* of the RFDCPA by falsely representing that a legal proceeding has been or will be instituted.

f.   Defendant violated the *§1788.17* of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, *15 U.S.C. § 1692 et seq.*

WHEREFORE, Plaintiff, JOSEPH TILLER, respectfully requests judgment be entered against Defendant, VALENTINE & KEBARTAS, INC., INC., for the following:

28. Declaratory judgment that Defendant's conduct violated the Rosenthal Fair Debt Collection Practices Act,

29. Statutory damages of $1000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788.30(b)*,

30. Actual damages,

31. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ Code § 1788.30(c)*, and

32. Any other relief that this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, JOSEPH TILLER, demands a jury trial in this cause of action.

PLAINTIFF'S COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

RESPECTFULLY SUBMITTED,

DATED:  October 16, 2009            KROHN & MOSS, LTD.


By: /s/ Nicholas J. Bontrager

Nicholas J. Bontrager
Attorney for Plaintiff

PLAINTIFF'S COMPLAINT

# VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF CALIFORNIA

Plaintiff, JOSEPH TILLER, states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, JOSEPH TILLER, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: _10-15-09_                    _____
                                              JOSEPH TILLER

- 7 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

# **EXHIBIT A**

PLAINTIFF'S COMPLAINT

Joe and Eva Tiller, Natasha Dodges in reference to a situation here in my office.  I need a return call from either yourselves or your retained legal counselor concerning the matter, 866-598-2788.  My extension is 226.  In addition, this matter has evolved an in house _____ that needs to be addressed by either yourselves or your attorney.  That number is 921-1538.

Mr. Joe Tiller, Natasha Dodges following up on a conversation on the 30th day of September.  I do need a return call from you, 866-598-2788.  My extension is 226.

Joe and Eva Tiller, Natasha Dodges in reference to a situation here.  I need a return call from either yourselves or your retained counsel, 866-598-2788, extension 226.