Nicholas J. Bontrager, Esq. (SBN 252114)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
T: (323) 988-2400; F: (866) 802-0021
nbontrager@consumerlawcenter.com
Attorneys for Plaintiff,
JOSEPH TILLER

## UNITED STATES DISTRICT COURT,
## EASTERN DISTRICT OF CALIFORNIA,
## SACRAMENTO DIVISION

| | |
|---|---|
| JOSEPH TILLER, | Case No.: 2:09-cv-02891-JAM-KJM |
| Plaintiff, | **PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT AND DECLARATION IN SUPPORT THEREOF** |
| v. | |
| VALENTINE & KEBARTAS, INC., | |
| Defendant. | |

**TO ALL PARTIES AND ATTORNEYS OF RECORD:**

**NOTICE IS HEREBY GIVEN** that Plaintiff, by and through his attorneys, hereby requests this court to make an entry of default against Defendant, VALENTINE & KEBARTAS, INC., as Defendant has failed to timely answer or otherwise defendant itself from Plaintiff's complaint. The instant motion is based upon the following facts and the supporting declaration by Plaintiff's counsel.

DATED: January 26, 2010                            KROHN & MOSS, LTD.

                                                   By: /s/ Nicholas J. Bontrager _____
                                                   Nicholas J. Bontrager
                                                   Attorney for Plaintiff

# **DEFENDANT HAS FAILED TO TIMELY ANSWER OR DEFEND ITSELF AGAINST PLAINTIFF'S COMPLAINT**

1. On October 16, 2009, Plaintiff filed his amended complaint against Defendant, VALENTINE & KEBARTAS, INC. ("Defendant").

2. Plaintiff's complaint alleged violations of the FDCPA, *15 USC 1692 et seq* and the RFDCPA, *Cal. Civ. 1788 et seq*.

3. Plaintiff sought statutory damages pursuant to the above-mentioned statutes in addition to actual damages suffered and reasonable attorney's fees.

4. On October 20, 2009, Defendant was served with complaint and waiver of service of summons.

5. On December 17, 2009 Defendant returned the waiver executed. (See executed waiver of service of summons attached as Exhibit A).

6. Defendant's answer to Plaintiff's complaint was due on December 21, 2009.

7. Defendant has not filed its answer nor contacted Plaintiff's attorneys requesting an extension to answer.

8. *Federal Rule of Civil Procedure* 55(a) provides that "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."

9. Defendant has failed to plead or otherwise defend itself against Plaintiff's civil complaint.

10. Plaintiff now requests that this court enter a default against Defendant

//

MOTION FOR ENTRY OF DEFAULT AND DECLARATION IN SUPPORT THEREOF

1 **WHEREFORE,** Plaintiff respectfully requests this court grant his instant motion and enter a default against Defendant, VALENTINE & KEBARTAS, INC., for failure to timely plead or otherwise defend against Plaintiff's complaint.

RESPECTFULLY SUBMITTED,

DATED: January 26, 2010                KROHN & MOSS, LTD.


By: /s/ Nicholas J. Bontrager _____
Nicholas J. Bontrager
Attorney for Plaintiff

MOTION FOR ENTRY OF DEFAULT AND DECLARATION IN SUPPORT THEREOF

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**EXHIBIT A**

MOTION FOR ENTRY OF DEFAULT AND DECLARATION IN SUPPORT THEREOF

AO 399 (03/08) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
Eastern District of California

| JOSEPH TILLER | ) |
|---|---|
| Plaintiff | ) |
| v. | ) Civil Action No. 2:09-cv-2891 |
| VALENTINE & KEBARTAS, INC. | ) |
| Defendant | ) |

## Waiver of the Service of Summons

To: Nicholas J. Bontrager, Esq.
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from __10/20/2009__, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date 12-17-09

Signature: *Robert S. Handley*
Signature of the attorney or unrepresented party

Printed name: Robert S. Handley

Address: 524 Cleveland Blvd #201
Caldwell ID 83605

E-mail address: rhandley@v-k-i.com

Telephone number: (208) 250 3788

---

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

Nicholas J. Bontrager, Esq. (SBN 252114)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
T: (323) 988-2400; F: (866) 802-0021
nbontrager@consumerlawcenter.com
Attorneys for Plaintiff,
JOSEPH TILLER

**UNITED STATES DISTRICT COURT,**
**EASTERN DISTRICT OF CALIFORNIA,**
**SACRAMENTO DIVISION**

| | |
|---|---|
| JOSEPH TILLER ) | Case No.: 2:09-cv-02891-JAM-KJM |
| ) | |
| Plaintiff, ) | **DECLARATION IN SUPPORT OF** |
| ) | **PLAINTIFF'S MOTION FOR ENTRY OF** |
| vs. ) | **DEFAULT** |
| ) | |
| VALENTINE & KEBARTAS, INC., ) | |
| ) | |
| Defendant. ) | |

## **DECLARATION**

1. I am the attorney of record for the Plaintiff in the above entitled action.

2. The Waiver of Service of Summons and Complaint in said action were duly served upon Defendant on October 16, 2009.

3. Defendant returned the Waiver of Service of Summons Executed on December 17, 2009.

4. The time allowed by law to answer the complaint, specified in Plaintiffs' Summons, was twenty (60) days from the date of service.

5. Defendant's Answer was due by December 21, 2009.

6. The time for Defendant to Answer the Complaint in said action has elapsed.

7. No Answer has been received by or served upon the Plaintiff or Plaintiff's attorneys.

8. Defendant is not an infant or incompetent person.

- 5 -

MOTION FOR ENTRY OF DEFAULT AND DECLARATION IN SUPPORT THEREOF

9. The Servicemembers Civil Relief Act (50 App. U.S.C. § 521) does not apply.

Pursuant to 28 U.S.C. § 1746(2), I, Nicholas J. Bontrager, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: January 26, 2010                              By: /s/ Nicholas J. Bontrager
                                                     Nicholas J. Bontrager
                                                     Attorney for Plaintiff

MOTION FOR ENTRY OF DEFAULT AND DECLARATION IN SUPPORT THEREOF

## PROOF OF SERVICE

I am employed in the County of Cook, State of Illinois. I am over the age of 18 and not a party to the within action. My business Address is 120 W. Madison St., 10th Fl., Chicago, IL 60602.

On January 26, 2010, I served the following document(s) described as: **MOTION FOR ENTRY OF DEFAULT**, on all interested parties in this action by placing:

[ X ]  a true copy
[  ]  the original thereof enclosed in sealed envelope(s) addressed as follows:

Valentine & Kebartas, Inc.
15 Union Street
Lawrence, MA 01843

Robert Handley
Valentine & Kebartas, Inc.
Office Manager
RHandley@v-k-i.com

[  ]  BY FACSIMILE – The facsimile machine used reported no error and printed a record of the transmission which is attached hereto.

[X]  BY MAIL
  [  ]  I deposited such envelope in the mail at Chicago, Illinois. The envelope was mailed with postage thereon fully prepaid.
  [X]  I am readily familiar with the firm's practice for collection and processing correspondence for mailing. Under that practice, this document will be deposited with the U.S. Postal Service on this date with postage thereon fully prepaid at Chicago, Illinois in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[X]  BY ELECTRONIC MAIL

[X]  STATE – I declare under penalty of perjury under the laws of the State of Illinois that the above is true and correct.

Executed on January 26, 2010, at Chicago, Illinois.

By: _____
Brooke Letterle
Krohn & Moss, Ltd.
Paralegal

MOTION FOR ENTRY OF DEFAULT AND DECLARATION IN SUPPORT THEREOF